**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TYRONE BARNES, | : |
| Petitioner, | : Civil No. 07-5308 (KSH) |
| v. | : |
| T. M. POWER, | : **OPINION** |
| Respondent. | : |

**APPEARANCES:**
TYRONE BARNES, #124839
Bayside State Prison
Leesburg, New Jersey 08327
Petitioner pro se

ANNE MILGRAM, Attorney General for the State of New Jersey
ELLEN HALE, Deputy Attorney General
R.J. Hughes Justice Complex
Trenton, New Jersey 08625
Attorneys for the respondent

**Katharine S. Hayden**, District Judge:

Tyrone Barnes ("the petitioner") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a), challenging a decision by the New Jersey parole board denying the petitioner parole. For the reasons expressed below, the Court will dismiss the petition with prejudice and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b) and (c).

I.   **BACKGROUND**

The petitioner is an inmate currently confined at Bayside State Prison.  In 1995, the petitioner was sentenced to an aggregate thirty-year term, with a mandatory parole ineligibility of ten years; this sentence arose out of the petitioner's March 1995 conviction for robbery, unlawful possession of a weapon, receiving stolen property, burglary, criminal restraint and obstruction of law.[1]  See Barnes v. New Jersey State Parole Bd. (Barnes-2008), 2008 WL 1968831, at *1 (N.J. Super. App. Div. May 8, 2008); see also Resp't App'x at 118-19.

> On January 6, 2003, . . . a two-member Parole Board panel considered [the petitioner] for parole.  The panel denied parole and referred the matter to a three-member panel to establish a future eligibility term ("FET").  On April 23, 2003, the three-member panel convened and established a ninety-six month FET.  [The petitioner] appealed this determination.  On appeal, [the Superior Court of New Jersey, Appellate Division,] affirmed the denial of parole . . . but reversed the ninety-six month FET and directed the Parole Board to establish a thirty-six month FET.  [See] Barnes v. N.J. State Parole Bd., No. A-100-04T3 ([N.J. Super.] App. Div. May 20, 2005). . . . On October 27, 2005, [the petitioner] was once again considered for parole.  [A two-member panel] denied parole and established a new thirty-six month FET.

Barnes-2008, 2008 WL 1968831, at *1.

The petitioner appealed that decision to the full board. "[The] final decision of the [full] State Parole Board, dated February 10, 2006, . . . affirmed a decision [rendered by the]

---

[1] Furthermore, on April 12, 1995, the petitioner pled guilty to an additional count of robbery.  See Resp't App'x at 118.

2

two-member panel." <u>Barnes v. New Jersey State Parole Bd.</u> ("<u>Barnes-2007</u>"), 2007 WL 188108, at *1 (N.J. Super. App. Div. Jan. 26, 2007). The petitioner appealed that full board's determination to the Superior Court of New Jersey, and then to the Appellate Division, which affirmed the denial of parole, reasoning as follows:

> [The petitioner] has a substantial record of prison disciplinary infractions, particularly during the early years of his incarceration. [The petitioner] has committed a total of eighteen infractions, which include refusing to accept a work assignment, abusive/obscene language towards a staff member, assault, possession/introduction of narcotics, three infractions for fighting with another person, and unlawful possession and misuse of an electronic device. . . . [With respect to the challenged parole determination, a] hearing officer conducted an initial hearing and referred the matter to a two-member panel of the Board. After obtaining an in-depth psychological evaluation of appellant, the panel voted to deny parole and established a thirty-six month FET. . . . [The Appellate Division is] satisfied that there is sufficient credible evidence in the record to support the Board's finding that there is a substantial likelihood [the petitioner] would commit another offense if released on parole. This evidence consisted of [the petitioner's] serious record of criminal offenses, which included the commission of three armed robberies while on bail for another offense, his significant record of institutional disciplinary infractions and a negative psychological evaluation. [The Appellate Division] reject[s the petitioner's] argument that it was improper for the two-member panel to request a second psychological evaluation before determining whether [the petitioner] satisfied the statutory standard for release on parole. The first evaluation apparently was not based on any psychological testing and the conclusions reached therein were rather tentative. Therefore, it was well within the panel's discretion to obtain a more in depth psychological evaluation. The Board properly considered both psychological evaluations as well as [the petitioner's] criminal history and his record of disciplinary

>    infractions in determining that there was a likelihood he
>    would commit another offense if released on parole.

Barnes-2007, 2007 WL 188108, at *1-2.

After the petitioner sought certification from the Supreme Court of New Jersey, which denied him certification, see Barnes v. New Jersey State Parole Bd., 192 N.J. 74 (2007), the instant chain of actions followed.

Specifically, the petition (a document dated July 5, 2007) was received by the Clerk on July 19, 2007; it was initially submitted pursuant to 28 U.S.C. § 2241. See Barnes v. Power, 07-3352 (KSH). Since this Court lacked jurisdiction to entertain the petitionunder § 2241, the Court: (a) dismissed the petition without prejudice to the petitioner's timely filing of his § 2254 petition; and (b) pursuant to the teaching of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), advised the petitioner about the consequences of filing a § 2254 petition. See id., docket entry no. 2. In response, the petitioner submitted a document, styled as a motion for reconsideration, which stated the petitioner's request to have this Court construe his § 2241 petition as his all-inclusive § 2254 application. See id., docket entry no. 3. The Court, therefore, directed the Clerk to open the instant matter and docket the petition as the petitioner's § 2254 application. See id., docket entry no. 5.

The petition contained the following five grounds:

4

> I.   THE RECORD IS ABSENT TO SHOW THE BOARD AGAIN RELIED ON COMMISSION OF THREE ARMED ROBBERIES WHILE ON BAIL FOR ANOTHER OFFENSE.
>
> II.  THE SINGLE INFRACTION RECEIVED SINCE THE LAST FET IMPOSED DOES NOT WARRANT NOR JUSTIFY AN ADDITIONAL 36-MONTH FET, NOR SUPPORT A SUBSTANTIAL LIKELIHOOD [THE PETITIONER] WILL COMMIT ANOTHER CRIME IF RELEASED ON PAROLE.
>
> III. THE RECORD HIGHLY SELECTIVE AND ARBITRARY RELIANCE ON ITS SINGLE STAFF PSYCHOLOGIST THAT SUPPORTED ITS DENIAL OF PAROLE, AND ITS TOTAL DISREGARD OF THE EVIDENCE FAVORABLE TO PAROLE, UNDERMINES THE DEFERENCE THAT A COURT ORDINARILY WOULD CONFER ON AN AGENCY DETERMINATION.
>
> IV.  THE EVIDENCE PROVES THE AGENCY DECISION SHOULD NOT BE CONSIDERED VALID, NOR EXERCISED HONESTLY WITH DUE CONSIDERATION.
>
> V.   THE CONSTITUTION REQUIRES PROOF BY "CLEAR AND CONVINCING EVIDENCE" BEFORE LIBERTY MAY BE CURTAILED.

Docket entry no. 1-2, at 1.

Upon the Court's order to answer the petition, see docket entry no. 2, the respondent filed with the Clerk a pertinent record (the filing of which was made under seal in view of sensitive petitioner's information contained therein) and his memoranda of law urging the Court to dismiss the petition as unexhausted or, in alternative, on its merits.[2]  See docket entries nos. 5-9.

The record submitted by the respondent unambiguously revealed that the petitioner's grounds IV and V were not exhausted in the state courts.  See docket entry no. 14, at 1-3, 9-10.

---

[2] The Court and the respondent ensured the petitioner's due receipt of the same.  See docket entries nos. 10-13.

While the Court had jurisdiction to address the petitioner's ground V (since the allegations contained in that ground failed to amount to a colorable federal claim, see id. at 10-13),³ the Court: (a) found that the allegations comprising the petitioner's ground IV presented a colorable claim; (b) dismissed, consequently, the petition without prejudice as a mixed petition; (c) granted the petitioner stay (in light of potential danger of having the petition time-barred upon the petitioner's completion of exhaustion of state remedies as to his unexhausted ground IV) and directed the petition to be held in abeyance until 30 days from the date of the petitioner's completion of exhaustion; and (d) ordered administrative termination of this matter. See id. at 13-19.

The Clerk entered the Court's order so directing on June 19, 2008. See docket.

On July 21, 2008, the petitioner filed a letter requesting the Court to deem his ground IV withdrawn and to rule on the remained of the petition, i.e., his grounds I, II and III (since the invalidity of his ground V was explained in the Court's order granting the petitioner stay). See docket entry no. 15. The Court, consequently, directed the Clerk to reopen this matter. See docket entry no. 16.

---

³ "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

6

## II.   **STANDARD OF REVIEW**

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[4]  Smith v. Phillips, 455 U.S. 209, 221 (1982).   Hence, a district court must give deference to determinations of state courts, see Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996), and "must

---

[4]  Moreover, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary" presented by petitioner. Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Hence, where a federal claim was "adjudicated on the merits" in state court proceedings,[5] § 2254 does not permit habeas relief unless adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "'unreasonable application' clause, a federal habeas court may grant the writ if

---

[5] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004).

the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. See id. at 409-10.

### III. DISCUSSION

While the petitioner stated his grounds beginning with the challenge to a certain observation made by the Appellate Division, this Court finds it useful to start its discussion with the petitioner's grounds II and III, since the analysis of the petitioner's ground I necessarily derives from the analyses of his grounds II and III.[6]

#### A. Grounds II and III

The petitioner's grounds II and III bring into this discussion different pieces of evidence; however, both grounds implicate the

---

[6] As a preliminary matter, there is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Prevard v. Fauver, 47 F. Supp. 2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999). Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections. See Williams v. N.J. State Parole Board, 1992 U.S. Dist. LEXIS 2284 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Bd. v. Byrne, 93 N.J. 192, 203 (1983). These cases remain good law even after taking into account the rule announced in Sandin v. Conner, 515 U.S. 472, 484 (1995). See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996).

same legal standard. Therefore the Court finds it proper to address these two challenges jointly. The ground II asserts that the presence of a single infraction committed by the petitioner since the parole hearing (which was held prior to that challenged in the instant action) cannot support the board's decision to impose an additional 36-month FET; while the ground III asserts that the parole board reached its decision reached its decision to deny the petitioner parole by unduly focusing on -- and giving undue weight to -- those parts of his record that was unfavorable to the petitioner's application for parole, rather than on those evidence that were favorable to the petitioner's quest to obtain parole. See Docket entry no. 1-2, at 1.

In other words, the petitioner asserts that his rights were violated because the parole board gave more weight and more credence to the parts of the record that suggested against parole or a shorter FET, i.e., that the petitioner's rights were violated simply because the outcome of the parole board's determinative process was not as the petitioner would prefer it to be.

Both grounds fail to assert a "violation of the Constitution or laws or treaties of the United States." It is true indeed that the Supreme Court has held that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80

10

(1992). However, the Supreme Court has made clear that, when an executive action is at issue, only the most egregious, conscience-shocking conduct will be considered arbitrary in the constitutional sense. See County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998) ("conduct intended to injure in some way unjustifiable by any government interest is the sort of action most likely to rise to the conscience-shocking level"). Hence, "[w]hile one might second-guess the Parole Board's decision, and state court's approval of it, it is not the role of the federal courts to do so." Hunterson v. DiSabato, 308 F.3d 236, 244-45 (3d Cir. 2002) (citations and internal quotation marks omitted). Therefore, "[t]he accepted standard of review of parole determinations is whether the decision constitutes an abuse of discretion." Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir. 1982); Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980) (the parole board has discretion to select for parole only those prisoners whom the parole board deems qualified, so long as parole is not arbitrarily denied). Consequently, if there is a reasonable evidentiary basis on the record for the parole board's decision to deny parole, the fact that the parole board elected to give more weight to that basis (and to allocate less importance to other facts on the record) does not transform the parole board's decision into unreasonable, moreover arbitrary, even if the prisoner believes that the evidence given less weight by the parole board should have been deemed the

11

most significant. See Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610 (D.N.J. 2008) (the fact that the parole board denied a prisoner parole by relying, predominantly, on the conclusion reached by a psychologist who found that the prisoner, if paroled, was likely to commit another crime and gave little weight to either the prisoner's institutional substantial achievements or conclusions of the psychologists who favored parole does not indicate abuse of discretion by the parole board); cf. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) (the court's mandate to overrule an agency decision could be utilized only if the court determines that the agency abused its discretion); Negev Phosphates, Ltd. v. United States, 699 F. Supp. 938, 942 (1988) (the court must sustain an agency's determination if it is reasonable and supported by the record as a whole").

Here, the petitioner, in his grounds II and III, concedes that he indeed committed an institutional infraction just two months prior to his parole hearing,[7] and does not dispute the fact that a staff psychologist provided the parole board with an evaluation prompting against the petitioner's parole. This evidence, in and

---

[7] Morever, this infraction was not "just" an infraction; rather, it was a very serious "asterisk-type" infraction of possessing an illegal cell-phone while in confinement. See Resp't App'x at 110. While the petitioner's withdrawn ground IV challenged the fact of the infraction, the petitioner withdrew that challenge leaving the Court to presume that the infraction indeed took place.

12

by itself, provides sufficiently reasonable basis for the parole board's decision to deny parole.

However, the record indicates that the parole board was presented with other facts on the record that provided the parole board with an additional basis to deny the petitioner parole. See docket entry no. 1-2, at 20-25; docket entry no. 1-3, at 1-2 (the petitioner's own exhibits replicating the parole board's determinations which expressly noted increasingly serious chain of multiple crimes committed by the petitioner, numerous serious institutional infractions,[8] insufficiencies as to the task of problem resolution).

In light of the foregoing, the petitioner's grounds II and III present nothing but the petitioner's: (a) position that his record contained certain positive information about him, which the respondent (and the parole board) does not dispute;[9] and (b) self-serving conclusion that the board was obligated to focus on the positive information, give little weight to the negative one and

---

[8] During his incarceration, the petitioner committed twenty-five institutional infractions, eleven of which were "asterisk-type" serious offences. See Resp't App'x at 97-115.

[9] The parole board duly considered this positive information. See docket entry no. 1-2, at 23 (a copy of the notice of parole decision provided by the petitioner himself and listing various "mitigating" factors favoring the petitioner's parole) and docket entry no. 1-3, at 1 (the board's notice as to the affirmance of denial of parole, provided by the petitioner himself; the notice expressly stated that the board considered the petitioner's program participation and institutional adjustment).

grant the petitioner parole or, at the very least, a shorter FET. In sum, these grounds merely state the petitioner's dissatisfaction with the outcome of his parole proceedings; this dissatisfaction is paraphrased as the claim that a denial of parole automatically means denial of due process. However, it is well established that an inmate is not denied due process merely because an unfavorable decision is reached with respect to his application, since an outcome deemed unfavorable by the inmate is not the same as denial of constitutional rights. See Coar v. Robinson, 2007 U.S. Dist. LEXIS 65399, at *31 n.14 (D.N.J. Sept. 5, 2007); Coades v. Kane, 1992 U.S. Dist. LEXIS 8844 (E.D. Pa. May 22, 1992); cf. Laws v. Armontrout, 834 F.2d 1401, 1408 (8th Cir. 1987) ("[m]erely because a person was convicted does not mean the person received ineffective assistance of counsel").

Since the parole board's decision to deny the petitioner parole had ample factual basis (contained in the record the parole board examined and addressed in its decision to deny parole), the parole board's determination was not arbitrary. See Solomon, 676 F.2d at 290; Block, 631 F.2d at 236; Toolasprashad, 570 F. Supp. 2d 610. Consequently, the state court's affirmation of the parole board's determination, see Barnes-2007, 2007 WL 188108, at *2, cannot be deemed an unreasonable application of the Supreme Court precedent. Therefore, the petitioner's grounds II and III will be dismissed. See Williams, 529 U.S. at 413.

**B.   Ground I**

The petitioner's ground I is dedicated to a single phrase contained in the Appellate Division's opinion.[10] Affirming the parole board's determination, the Appellate Division observed:

> We are satisfied that there is sufficient credible evidence in the record to support the Board's finding that there is a substantial likelihood appellant would commit another offense if released on parole. This evidence consisted of appellant's serious record of criminal offenses, which included *the commission of three armed robberies while on bail for another offense*, his significant record of institutional disciplinary infractions and a negative psychological evaluation.

Barnes-2007, 2007 WL 188108, at *2.

Focusing on the italicized phrase, the petitioner maintains that the Appellate Division's affirmance of the parole board's determination was invalid simply because the notices the petitioner received as to the denial of parole and the transcript of his parole hearing do not contain any statements expressly indicating that the parole board based its decision on the three armed robberies, which he committed while on bail for another offense.[11]

---

[10] In addition, the petitioner states, in his ground I, that the Appellate Division's decision was inadequate since it was reduced to a five-page opinion. See docket entry no. 1-2, at 8. However, there is no constitutional right to a "lengthy" court opinion; all a court is obligated to do is to clarify the legal and factual basis for its finding, and the fact that the decision was concise cannot indicate lack of though on the part of the court or insufficiency of the legal argument.

[11] The petitioner does not contest the fact that he indeed committed these three armed robberies while on bail for another offense. See docket entry no. 1-2, at 7-8. Rather, he contends that the parole board considered the fact of these robberies

15

The petitioner errs. The fact that the notices served upon the petitioner or the transcript of the parole hearing do not contain a specific reference to these three armed robberies cannot indicate that the parole board elected to ignore these robberies (or the circumstances of these offenses), especially in light of the entries made in the parole board's worksheets and the notice served upon the petitioner by the full board. <u>See</u> docket entry no. 1-2, at 23 (noting that the nature of the petitioner's criminal record was getting progressively more serious), and docket entry no. 1-3, at 1 (stating "that the Adult Panel appropriately considered the aggregate of *all relevant material facts*") (emphasis supplied). The fact that these armed robberies were not specifically mentioned in the notices or specifically discussed during the parole hearing neither suggests that the board ignored these offences while reaching its decision nor renders the notices served upon the petitioner invalid: as long as a notice provides the inmate with "an understandable explanation of his parole status," such notice is proper. <u>Accord</u> <u>Shahid v. Crawford</u>, 599 F.2d 666, 671-72 (5th Cir. 1979); <u>cf.</u> S. Rep. No. 94-369, 94th Cong., 2d Sess. 24-25 (1975), reprinted in U.S. Code Cong. & Admin. News at 335-46 (1976) (the information that must be included in a

---

during the parole determination preceding the one being challenged in the instant action but elected to wholly ignore the part of the record, which addressed these robberies, when the parole board assessed the petitioner's record for the purposes of the parole decision challenged in this action. <u>See</u> <u>id.</u>

notice does not include a mandatory discussion of each and every piece of evidence considered by the parole board).

Moreover, the Appellate Division's decision cannot be deemed an unreasonable application of the Supreme Court precedent even if the Appellate Division erroneously concluded that the parole board considered the petitioner's three armed robberies.  As this Court noted, time and again, the state court's determination would not be disturbed by this Court is the state courts properly concluded that the parole board's decision was reasonably based on an evidentiary basis in the record.  Since the petitioner does not contest that the parole board indeed based its decision on the petitioner's "serious record of criminal offenses, . . . significant record of institutional disciplinary infractions and a negative psychological evaluation," the state court's affirmance of the parole board's determination was constitutionally valid.  For these reasons, the petitioner's ground I will be dismissed.[12]

## IV. CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability because the petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

---

[12] The petitioner's ground V will be dismissed for the reasons stated in the Court's previous memorandum opinion and order.  The Court sees little reason for reiterating its discussion of the ground V in this opinion and refers the parties' attention to the docket entry no. 14, at 10-13.

**V.     CONCLUSION**

Based on the foregoing, the Court will dismiss the petition with prejudice and decline to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

An appropriate order accompanies this opinion.


                                        /s/ Katharine S. Hayden
                                        **Katharine S. Hayden, U.S.D.J.**